BROOMES PRINTING OFFICE v.
LOUISIANA MARGARIN COMPANY

———

(March 26, 1928.   Opinion and Decree.)

———

(Syllabus by the Court)

1. Louisiana Digest——Mandate—Par. 73, 74, 101; Action—Par. 12.
A manager of a mercantile establishment is not, ex officio, authorized to bring suit on behalf of his employer. The same is true of an individual who styles himself an agent without reference to, nor exhibition of, any mandate.

Appeal from First City Court, Section "A." Hon. W. Alexander Bahns, Judge.

Action by Broomes Printing Office against Louisiana Margarin Co.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Edward Lazier, Fennon, Murphy & R. O. Vorbusch, of New Orleans, attorneys for plaintiff, appellee.

Carroll & Carroll, Henry G. McCall, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.   This suit was brought in the name of the Broomes Printing Office, represented by N. G.

Broome, Manager. Defendant excepted on the ground that the petition did not show that the suit was brought by any person, partnership or corporation or other judicial being, or by any person or entity authorized to bring suit or stand in judgment.

A supplemental petition was voluntarily filed in which it was alleged that in the original petition "the name of the owner of the Broomes Printing Office was, through error, omitted," and "that M. L. Broome is the sole owner of said business" and that "N. G. Broome is the manager and agent in full charge of said business."

To this supplemental petition defendant again excepted on the ground that plaintiff was not properly before the court because no power of attorney was attached and none claimed to exist whereby N. G. Broome was authorized to act for the owner of the Broomes Printing Office, M. L. Broome.

The exceptions were overruled and a judgment rendered in plaintiff's favor on the merits.

We are of opinion that the exceptions should have been maintained. M. L. Broome, alleged to be the owner of Broomes Printing Office is a stranger to the pleadings. No appearance on his behalf personally, or through an agent is made. A manager can not institute a suit on behalf of his employer, nor can an individual, styling himself an agent, do so without reference to, or exhibition of some authority for his action.

The judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant, dismissing plaintiff's suit.